IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRYAN ANGLE, II, | ) | |
|     Plaintiff | ) | Civil Action No. 13-190 Erie |
| | ) | |
| v. | ) | |
| | ) | District Judge Bissoon |
| EDS SHILEY MOORE SMEAL, et al., | ) | Magistrate Judge Baxter |
|     Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that Defendants' motion to dismiss [ECF No. 22] be granted, that Plaintiff's motion for change of venue [ECF No. 25] be denied, and that Plaintiff's Fourteenth Amendment due process claim be dismissed. It is further recommended that, under the authority granted by the Prison Litigation Reform Act, Plaintiff's claims under the First, Fourth, and Eighth Amendments be dismissed, and that this case be closed.

### II. REPORT

#### A. Relevant Procedural and Factual History

On July 1, 2013, Plaintiff Bryan Angle, II, an inmate incarcerated at the State Correctional Institution at Forest in Marienville, Pennsylvania ("SCI-Forest"), filed the *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff subsequently filed an amended complaint [ECF No. 21] on January 10, 2014, which is the operative pleading in this case. Named as Defendants in the amended complaint are: Shirley Moore Smeal ("Smeal"), Eastern Regional Deputy Secretary for the Pennsylvania Department of Corrections ("DOC"); Dorina Varner ("Varner"), Chief Grievance

Officer for the DOC; Deputy Overmyer ("Overmyer"), Deputy Superintendent at SCI-Forest; Deputy Tice ("Tice"), Deputy Superintendent at SCI-Forest; Unit Manager Chiles ("Chiles"), RHU Unit Manager at SCI-Forest; and SCI-Forest corrections officers Major Innis ("Innis"), Lt. Heffernan ("Heffernan"), Lt. Hagerty ("Hagerty"), CO1 Wise ("Wise"), and CO1 Geible ("Geible").

Plaintiff alleges that Defendants violated his rights under the first, fourth, eighth, and fourteenth amendments to the United States Constitution. In particular, Plaintiff alleges that his property was taken during a cell extraction on July 6, 2011, and was never returned to him. As a result, Plaintiff alleges that he "lost his criminal case." (ECF No. 21, Amended Complaint, at ¶ 25). Plaintiff alleges further that Defendants Wise and Geible taunted him about how they destroyed his property, calling him a "baby raper" and a "rat." (Id. at ¶¶ 20-22).

Defendants have filed a motion to dismiss [ECF No. 22] arguing, *inter alia*, that Plaintiff has failed to state a Fourteenth Amendment due process claim upon which relief may be granted.[1] Plaintiff has since filed a response in opposition to Defendants' motion, which includes a motion for change of venue to state court [ECF No. 25]. This matter is now ripe for consideration.

### B. Standards of Review

#### 1. Motion to Dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to

---

[1] Since Defendants do not address Plaintiff's claims under the First, Fourth, or Eighth Amendments, Defendants' motion will be treated as a partial motion to dismiss.

relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

The Third Circuit Court has prescribed the following three-step approach to determine the sufficiency of a complaint under Twombly and Iqbal:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011), citing Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (quoting Iqbal, 129 S.Ct. at 1947, 1950); see also Great Western Mining & Min. Co. v. Rothschild LLP, 615 F.3d 159, 177 (3d Cir. 2010).

### 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. See Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969)("petition prepared by a prisoner... may be inartfully drawn and should be read 'with a measure of tolerance'"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997)(overruled on other grounds). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make

inferences where it is appropriate.

C. **Discussion**

1. **Fourteenth Amendment Due Process Claim**

Defendants argue that Plaintiff's Fourteenth Amendment due process claim must fail because the availability of a prison grievance procedure satisfies all the requirements of due process. The Court agrees.

The Due Process Clause was promulgated to secure individuals from the arbitrary exercise of the powers of government. The procedural aspect of the Due Process Clause guarantees the availability of certain procedural mechanisms, typically the right to notice and a hearing, before the government can deprive an individual of a liberty or property interest. In the context of depriving an inmate of his property, however,

> ... the Supreme Court has held that meaningful post-deprivation remedies provide sufficient due process for negligent deprivations of property, Parratt v. Taylor, 451 U.S. 527, 530 (1981), and intentional deprivations of property, Hudson v. Palmer, 468 U.S. 517, 533 (1984), and that requiring a pre-deprivation hearing would be absurd since it would be impossible to determine when a negligent or intentional deprivation of property would occur. Zinermon v. Burch, 494 U.S. 113, 117 (1990). **The Court of Appeals has held that the DOC's grievance procedure provides an adequate post-deprivation remedy**, see e.g. Tillman v. Lebanon County Corr. Fac., 121 F.3d 410, 422 (3d Cir. 2000), **and that the existence of this post-deprivation remedy forecloses any due process claim**, Austin v. Lehman, 893 F.Supp. 448, 454 (E.D.Pa. 1995) even if an inmate is dissatisfied with the result of the process. Iseley v. Horn, 1996 WL 510090, at * 6 (E.D.Pa. Sept. 3, 1996). As [the inmate plaintiff] admits to having used the grievance procedure to attempt the return of his [property], he had access to an adequate post-deprivation remedy and even if there had been a violation of his liberty interest he was not denied the right to due process of law.

Pettaway v. SCI Albion, 2012 WL 366782 at *3-4 (W.D.Pa. Feb. 2, 2012), appeal dismissed, 487 Fed. Appx. 766 (3d Cir. 2012), citing Brooks v. DiGuglielmo, 2008 WL 5187529 at * 6 (E.D.Pa. Dec. 9, 2008) (emphasis added). See also Monroe v. Beard, 536 F.3d 198, 210 (3d Cir. 2008)

("[b]ecause prisons are constitutionally required to afford inmates only a post-deprivation remedy, we agree that the defendants' failure to give the inmates prior notice of their intended seizure of their materials did not violate the plaintiffs' Due Process rights"); Banks v. Beard, 2006 WL 2192015 at * 15 (W.D.Pa. Aug. 1, 2006)(regarding inmate plaintiff's claim that he was permanently dispossessed of his property, "[t]he Commonwealth of Pennsylvania provides an adequate post deprivation remedy in the forms of the DOC grievance system and/or a state law tort law suit against the Defendants... [which] satisfy the Fourteenth Amendment's procedural due process guarantee") (citations omitted).

Here, as in Pettaway, Plaintiff admits that he utilized the DOC's grievance process to attempt to obtain the return of the property he claims was improperly taken from his cell and never returned to him. Thus, he was provided access to an adequate post-deprivation remedy that has been held to satisfy his procedural due process rights, despite the fact that he is dissatisfied with the outcome. Accordingly, Plaintiff's due process claim is without merit and should be dismissed. Furthermore, granting Plaintiff's motion to change venue of this claim to state court would be futile because he has failed to state a due process claim upon which relief may be granted. Therefore, Plaintiff's motion to change venue should be denied.

### 2. Prison Litigation Reform Act

Although Defendants have not moved to dismiss Plaintiff's claims under the First, Fourth, and Eighth Amendments, this Court has discretion to dismiss frivolous or malicious *in forma pauperis* claims pursuant to 28 U.S.C. § 1915 of the Prison Litigation Reform Act ("PLRA"). Wilson v. Rackmill, 878 F3d 772, 774 (3d Cir. 1989). Section 1915(e) provides that "[t]he court shall dismiss the case at any time if the court determines that -- ...(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted...." A claim is frivolous if it: 1) is based upon an indisputably meritless legal theory and/or, 2) contains factual contentions that are clearly baseless. Neitzke v. Williams, 490 U.S. 319, 327

(1989). A plaintiff has failed to allege a viable claim if the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegation." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957). The U.S. Supreme Court has instructed that section 1915(e) provides the Court not only with the authority "... to dismiss a claim based on an indisputably meritless theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989).

### a. First Amendment Access to Courts Claim

While inmates have the right to adequate, effective, and meaningful access to the courts, Bounds v. Smith, 430 U.S. 817, 828 (1977), the United States Supreme Court restricted who may bring an access to courts claim in Lewis v. Casey, 518 U.S. 343, 355 (1996).[1] The Lewis Court held that, in order to state a claim for a denial of the right of access to the courts, a plaintiff must show actual injury. Id. The plaintiff must show that, as a result of the defendant's actions, he lost the ability to present an "arguably actionable claim" against the validity of his sentence under direct or collateral appeal or a claim challenging his conditions of confinement in a civil rights action. Id. at 356. The Third Circuit has further described the *Lewis* holding:

---

[1]

The Lewis Court opined:

> ...*Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

Id. at 355.

> to be able to bring a viable claim, the plaintiff inmates ha[ve] to show direct injury to their access to the courts. The Court explained that an inmate could show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or [he could show] that he had suffered arguably actionable harm that he wanted to bring before the courts, but was so stymied by the inadequacies ... that he was unable even to file a complaint.

Reynolds v. Wagner, 128 F.3d 166, 183 (3d Cir. 1997).

So, under *Lewis*, this Court must determine whether Plaintiff has shown that he lost the ability to present an "arguably actionable claim." In this regard, Plaintiff merely makes the bald assertion that he "lost his criminal case as a result to this theft of his property" (ECF No. 21, Amended Complaint, at ¶ 25). There are no other allegations identifying what criminal case was allegedly "lost," what "arguably actionable claim" he was prevented from raising as a result of the alleged "theft" of his property, or how the criminal case was allegedly lost as a result of the missing property. The mere conclusory statement that his criminal case was lost as a result of the theft of his property is not sufficient to state a cause of action for denial of access to the courts. Accordingly, Plaintiff's First Amendment claim should be dismissed *sua sponte* in accordance with 28 U.S.C. § 1915(e)(2)

### b. Fourth Amendment Claim

Although not clearly specified, Plaintiff apparently claims that the confiscation and failure to return his cell property violated his Fourth Amendment right to be free from illegal search and seizure. However, the United States Supreme Court has held that the Fourth Amendment has no applicability to prison cells. Hudson v. Palmer, 468 U.S. 517, 536 (1984). Thus, Plaintiff is unable to maintain a claim based upon the Fourth Amendment, and the same should be dismissed in accordance with 28 U.S.C. § 1915(e)(2).

### c. Eighth Amendment Claim

It appears that Plaintiff's Eighth Amendment claim is being brought against Defendants Wise and Geible based upon their alleged verbal taunts and harassment. It is well-settled that the use of words, no matter how violent, is not actionable under 42 U.S.C. § 1983. See Gannaway v. Berks County Prison, 439 Fed.Appx. 86 (3d Cir. 2011) (a claim of verbal harassment does not constitute an Eighth Amendment violation); Wright v. O'Hara, 2004 WL 1793018 at *7 (E.D.Pa. Aug. 11, 2004) ("[w]here plaintiff has not been physically assaulted, defendant's words and gestures alone are not of constitutional merit") (citations omitted); MacLean v. Secor, 876 F.Supp. 695, 698-99 (E.D.Pa. 1995) ("[i]t is well-established that verbal harassment or threats ... will not, without some reinforcing act accompanying them, state a constitutional claim"); Murray v. Woodburn, 809, F.Supp. 383, 384 (E.D.Pa. 1993) ("Mean harassment ... is insufficient to state a constitutional deprivation") (listing cases). Thus, to the extent Plaintiff attempts to state an Eighth Amendment claim against Defendants Wise and Geible, arising from their alleged verbal taunts and harassment, such claim should be dismissed pursuant to 28 U.S.C. §1915(e)(2).

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendants' motion to dismiss [ECF No. 22] be granted, that Plaintiff's motion for change of venue [ECF No. 25] be denied, and that Plaintiff's Fourteenth Amendment due process claim be dismissed. It is further recommended that, under the authority granted by the Prison Litigation Reform Act, Plaintiff's claims under the First, Fourth, and Eighth Amendments be dismissed, and that this case be closed.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P.

72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation.  Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto.  Failure to file objections will waive the right to appeal.  Brightwell v. Lehman, 637 F. 3d 187, 193 n. 7 (3d Cir. 2011).

/a/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Date:   July 31, 2014

Cc:     The Honorable Cathy Bissoon
        United States District Judge